**IN THE COURT OF APPEALS OF IOWA**

No. 19-1686
Filed March 4, 2020

**IN THE INTEREST OF J.C. and S.B.,**
**Minor Children,**

**L.C., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Mitchell County, Karen Kaufman

Salic, District Associate Judge.

　　　A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**

　　　Becky Wilson of Elwood, O'Donohoe, Braun, White, LLP, Charles City, for

appellant mother.

　　　Thomas J. Miller, Attorney General, and Meredith Lamberti, Assistant

Attorney General, for appellee State.

　　　Patrick James Rourick of Patrick J. Rourick Law Office, St. Ansgar, attorney

and guardian ad litem for minor children.

　　　Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to two children, born in 2005 and 2015.[1]  She contends (1) the State failed to prove the grounds for termination cited by the juvenile court; (2) termination was not in the children's best interests; (3) the juvenile court should have invoked certain exceptions to termination; and (4) the juvenile court should have granted her additional time to work toward reunification.

## I.      Grounds for Termination

The juvenile court terminated the mother's parental rights pursuant to two statutory provisions.  We may affirm if we find clear and convincing evidence to support either of the provisions.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  We will focus on Iowa Code section 232.116(1)(f) (2019), which requires proof of several elements including proof the children could not be returned to the mother's custody.

Our de novo review of the record reveals the following facts.  The State filed a child-in-need-of-assistance petition alleging concerns with the mother's mental health and drug use, as well as the condition of her home and her inability to get the older child to school.  A department of human services employee attested the mother would "likely not stabilize without additional support."  The mother consented to adjudication of her children as in need of assistance.  The juvenile court ordered care, custody, and control of them to remain with her and required the department to provide services to address the concerns.

---

[1] The parental rights of the older child's father also were terminated.  He does not appeal.

One month later, the department reported that the younger child was found outside the mother's apartment "unsupervised" and the apartment lacked electricity. Around the same time, the department also received a report that the mother "recently started using methamphetamine and heroin." The mother admitted to methamphetamine use.

On the department's request, the juvenile court ordered the children removed from the mother's care. The children were placed with their maternal grandparents, who had been caring for them on an informal basis. In a subsequent dispositional order, the court noted that the younger child's father had been attempting to exercise visitation with the child but was hindered by the mother. The court ordered continued "placement with a relative (split between father and maternal grandparents[)], and subject to supervision by the [d]epartment." Three months later, the court ordered the younger child placed with his father. The older child remained with his grandparents. In time, the district court, exercising concurrent jurisdiction, granted the younger child's parents joint legal custody of the child and the father physical care.

Soon, the department learned the children's grandfather was also abusing drugs. The older child was removed from the grandparents' care and was placed with his aunt in Minnesota. Both children remained in these placements through a bifurcated termination hearing.

After the first termination hearing, the juvenile court granted the mother two additional months to work toward reunification. At a second termination hearing, the mother testified to her engagement in services and requested additional time to work toward reunification. The district court denied the request. The court noted

that the mother had made some effort to improve her circumstances during the extension period but "at this very late date, she still has attended only one medication management appointment, two substance abuse sessions and six counseling sessions."

On our de novo review, we agree with the district court that the mother's progress came too late. The mother conceded as much. At the second hearing, she did not seek immediate reunification but simply a denial of the termination petition so she could "continue to use [her] progress as a foundation of rebuilding the fracture" with her sons. She acknowledged she would have to engage in joint therapy with her older son to "hopefully aid in" having the relationship "reach[] a healthier place." Her testimony confirms the children could not be returned to her custody at the time of the termination hearing. Iowa Code section 232.116(1)(f) was satisfied.

## II.    *Best Interests*

Termination must also serve the children's best interests. *See* Iowa Code § 232.116(2). The mother notes that she engaged in services, albeit belatedly, and "demonstrated the ability to provide for the child[ren] during her supervised visits." She also suggests the families with whom the children were placed did not help her nurture her relationship with them.

The mother did indeed begin attending individual and group therapy during the extension period. She was to have telephone contact with the younger child, which, for reasons that are not apparent in the record, did not occur or occurred only sporadically. She exercised one supervised visit with her older child after he moved to Minnesota but she was twenty minutes late for the visit. The child later

indicated he wished to have no more than a monthly phone call with his mother and no in-person visits. Although the mother had a fraught relationship with her sister and the younger child's father, her own belated response to services was the key obstacle to reunification. Because the mother was not in a position to safely parent the children, we conclude termination was in the children's best interests.

### III. Exceptions to Termination

The mother next contends the district court should have granted exceptions to termination based on the younger child's placement with his father and her bond with the children. *See id.* § 232.116(3)(a), (c). Although the department acknowledged the court could have declined to terminate the mother's parental rights to the younger child based on his placement, the department also expressed concern about "how stable and healthy [the] contact with his mother would be." As for the bond with both children, the department case manager affirmed its existence but opined the mother failed to make sufficient progress in addressing the concerns that precipitated department involvement. We conclude the district court acted appropriately in declining to invoke the cited exceptions to termination.

### IV. Additional Time

Finally, the mother argues she should have been afforded additional time to work toward reunification. The case manager testified, "There's nothing I've seen out of [the mother's] choices and behavior that would make me comfortable that another three, six months would be sufficient at this point to resolve the significant concerns that are outlined throughout the duration of this case." Given the mother's delayed participation in services, we have to agree.

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**